# UNITED STATES DISTRICT COURT
## FOR THE
### DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHANITA A. POWELL, | : | C.A. No.: __2 1 - 2 2 1__ |
| Plaintiff, | : | |
| | : | |
| v. | : | Jury Trial Demanded |
| | : | |
| DELAWARE STATE UNIVERSITY, | : | |
| Defendant. | : | |

## COMPLAINT

NOW COMES the Plaintiff, Shanita A. Powell, and complains of the Defendant as follows:

### JURISDICTION AND VENUE

1. This action arises under the U.S. Constitution and the laws of the United States. Plaintiff alleges violations of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e et seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Equal Protection under 42 U.S.C. § 1983. Accordingly, this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(4) and 28 U.S.C. §§ 2201 and 2202.

2. Venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) as the Plaintiff is a Delaware resident, the Defendant is educational entity of the State of Delaware, and the employment relationship was undertaken and the conduct complained of was conducted primarily within the State of Delaware.

### PARTIES

3. Plaintiff, Shanita A. Powell, is an African American female citizen of the United States and resident of Delaware, residing in Dover, Kent County, Delaware.

4. Defendant, Delaware State University, is a public university having its primary

1

location at 1200 North DuPont Highway, Dover, DE.   Delaware State University has at all times

relevant received federal funding.

## **FACTUAL BACKGROUND**

5.   At all times pertinent to this case, Plaintiff was employed by Delaware State

University with its Department of English and the Office of Student Success at the Dover, DE

campus.

6.   On September 22, 2015, Plaintiff was hired as a Writing Studio Coordinator; her

duties included creation of standard operating procedures for and track usage of the Writing

Studio, prepare and present reports, collaborate with the English Department to create

workshops, teach courses for the University College as needed, and assist with Summer Bridge

Programming.

7.   In or around December 2015, Dr. Lisa Dunning became the Assistant Vice President

(AVP) of University College.

8.   At all times relevant, Dunning was an agent or representative of the Defendant acting

within the scope of her duties as the Associate Vice President of University College and the

Office of Student Success and on behalf of Defendant.

9.   As AVP, Dunning consistently treated African American females worse than other

employees, failed to promote them, and/or demoted them.

10.   In or around January 2016, Dr. Sharon Smith, an African American female, who was

the Director of Integrated Academic Student Support Services and who reported directly to

Dunning, successfully sought a new position outside of the University College Department in

large part because of Dunning's mistreatment of her.

11.   In or around February 2017, Dunning appointed Anna Cortese, a Caucasian female,

2

to fill Dr. Smith's former position.

12.   Despite the University's past practice and policy of posting all vacancies, Dunning did not post the Director of Integrated Academic Student Support Services position which prevented Plaintiff from applying for or competing for the promotion.

13.   Plaintiff was qualified for the position of Director of Integrated Academic Student Support Services.

14.   However, Plaintiff was not allowed to compete and was not selected for the position of Director of Integrated Academic Student Support Services.

15.   Instead, Anna Cortese was selected for and appointed to the position.

16.   Prior to this promotion by appointment, Cortese served as Supplemental Instructor Coordinator and Tutoring Center Coordinator, a position that was lateral to Plaintiff.

17.   Plaintiff and Cortese served as coordinators for a similar time period, however, Cortese's performance fell below that of Plaintiff.

18.   Defendant promoted Anna Cortese into the position because she is a Caucasian female; Plaintiff failed to promote Plaintiff into the higher position because she is an African-American female.

**COUNT I:   <u>DISCRIMINATION BASED ON RACE: FAILURE TO PROMOTE</u>**

**<u>IN VIOLATION OF 42 US.C. 2000e (Title VII)</u>**

19.   Plaintiff hereby incorporates Paragraphs 1-18 as though fully set forth herein.

20.   Delaware State University is an employer within the meaning of 42 U.S.C. 2000e(b).

21.   Plaintiff is an employee within the meaning of 42 U.S.C. 2000e(f).

22.   Plaintiff is a member of a protected classes covered by Title VII as she is African American and is a female.

3

23.  Defendant's discriminatory actions based on race as described herein are a violation of Title VII, 42 USC § 2000e.

24.  Plaintiff timely dual-filed a Charge of Discrimination with the Delaware Office of Anti-Discrimination and the Equal Employment Opportunity Commission; Plaintiff received her Final Determination and Right to Sue Notice on December 8, 2020.  See attached at Exhibit A.

25.  This lawsuit is timely filed within the 90-day time limit for filing.

## COUNT II:  DISCRIMINATION BASED ON RACE: FAILURE TO PROMOTE IN VIOLATION OF 42 U.S.C. § 1983

26.  Plaintiff hereby incorporates Paragraphs 1-25 as though fully set forth herein.

27.  Defendant is a state actor, acting under color of State law.

28.  Defendant's discriminatory actions based on race described herein deprived the Plaintiff of the privileges and immunities secured to her by the First and Fourteenth Amendments of the U.S. Constitution and specifically, the right to be free from discrimination on the basis of race.

29.  Accordingly, Defendant's discriminatory actions described herein are a violation of 42 U.S.C. § 1983.

## COUNT III:  DISCRIMINATION BASED ON RACE: FAILURE TO PROMOTE IN VIOLATION OF 42 U.S.C. § 1983

30.  Plaintiff hereby incorporates Paragraphs 1-29 as though fully set forth herein.

31.  Defendant is a state actor, acting under color of State law.

32.  Defendant's discriminatory actions based on race described herein deprived the Plaintiff of the privileges and immunities secured to her by the First and Fourteenth Amendments of the U.S. Constitution and specifically, the right to be free from discrimination on the basis of race.

33.  Accordingly, Defendant's discriminatory actions described herein are a violation of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff demands a trial by twelve jurors and seeks judgment against the Defendant including the following:

a.  An order Reinstating Plaintiff to her former position;

b.  Compensatory damages for pain and suffering, mental and emotional distress, back pay and front pay including pay for lost benefits and for increased tax liability relating to such payments,  all with pre- and post-judgment interest;

c.  Punitive Damages;

d.  Attorney's fees, expert fees, and costs of litigation pursuant to statute; and

e.  Any and all other relief this Court deems just and appropriate.

Shanita L. Powell, Plaintiff
552 Woodsedge Road
Dover, DE 19904
(267) 833-8900

Dated: 2-17-2021

5

# Exhibit A

STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS – OFFICE OF ANTI-DISCRIMINATION

Shanita A. Powell
552 Woodsedge Road
Dover, DE 19904

DDOL No.: POW081318
EEOC No.: 17C-2018-00721

vs.

STATE OF DE/DE STATE UNIVERSITY
1200 N. Dupont Highway,
Dover, DE 19901

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has completed its investigation and found that there is no reasonable cause to believe that an unlawful employment practice has occurred. The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

This No Cause determination is based on the following facts:

*The Charging Party alleges the Respondent took adverse employment actions (harassed, disciplined, discharged) against her based upon her elected race (black, African American), Color (dark complexion) and for engaging in a protected activity (retaliation). The Respondent denied the allegations of discrimination. The Department of Labor conducted an investigation and determined that the evidence did not establish reasonable cause to believe the Respondent violated the anti-discrimination laws. On* **Nov. 2, 2020**, *we notified the Charging Party of our preliminary findings. We gave the Charging Party and the Respondent an opportunity to respond.*

*Respondent provided a response that addressed the preliminary finding of reasonable cause on retaliation discrimination. Respondent provided sufficient evidence that:*

1. *Charging Party established that she engaged in a protected activity*
2. *Charging Party established that there was an adverse employment action (discipline and discharge)*
3. *Charging Party **did not** establish a causal connection between Respondent's actions and the protected activity*

*Respondent provided evidence that the decision of non-reappointment was made prior to Charging Party's protected activity. Further, Respondent provided evidence that although Charging Party received positive performance evaluations, there were ongoing issues of unprofessional conduct. Respondent also responded to additional allegations not mentioned in the original charge of discrimination regarding Respondent not responding to a leave request and non-work related travel and hotel arrangements. Respondent provided evidence of their response submitted and reported that there was insufficient information to address charging party's personal travel allegations that were not indicated in the original charge of discrimination.*

*Charging Party submitted a response that was reviewed and contained additional claims of retaliation; however, the response contained no information that could have resulted in a different outcome.*

*Therefore, we are making a finding of No Reasonable Cause.*

*This final determination is not intended to be construed as an endorsement of Respondent's actions and is not intended to impact any rights Charging Party may have under other laws.*

17C_C-12-NC – No Cause Determ.doc : rev. 10/2019

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Office of Anti-Discrimination.

*James F. BB*

December 8, 2020

_____
James F. Billups III, Administrator
Division of Industrial Affairs, Office of Anti-Discrimination

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*