IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANITA A. POWELL, | ) |
| Plaintiff, | ) Civil Action No. 21-cv-00221-EJW |
| v. | ) |
| DELAWARE STATE UNIVERSITY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Shanita A. Powell, Pro Se, Wilmington, DE – Pro Se

Jennifer C. Bebko Jauffret, Lori Ann Brewington, Tyler E. Cragg, Richards, Layton & Finger, PA, Wilmington, DE – Attorneys for Defendant

March 16, 2022
Wilmington, Delaware

/s/ Evan J. Wallach
**WALLACH, U.S. CIRCUIT JUDGE:**

Plaintiff Shanita A. Powell ("Ms. Powell") proceeds pro se. She filed this lawsuit in February 2021, alleging employment discrimination and retaliation because of her race under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 2000(e) ("Title VII"). Complaint ¶ 1 (D.I. 1). Presently before the court is Defendant Delaware State University's ("DSU") Motion to Dismiss the Complaint, Ms. Powell opposes. Def.'s Mot. Dismiss, (D.I. 9). The court has jurisdiction pursuant to 28 U.S.C. § 1331. The court grants DSU's motion to dismiss for the following reasons.

**I.      BACKGROUND**

DSU employed Ms. Powell within its Department of English and the Office of Student Success at the Dover, Delaware campus. Complaint ¶ 5. Ms. Powell alleges that "[a]t all times relevant, [Dr. Lisa] Dunning was an agent or representative of [DSU] acting within the scope of her duties as the Associate Vice President of University College and the Office of Student Success on behalf of [DSU]." *Id*. ¶ 8.

In early 2016, the previous Director of Integrated Academic Student Support Services vacated the position. *Id.* ¶ 10. DSU's past practice and policy is allegedly to post the opening to alert potential applicants. *Id.* ¶ 12. Ms. Powell alleges that the previous director, who was also an African American female, left DSU in large part because of Dr. Dunning's mistreatment. *Id*. ¶ 10. Ms. Powell also asserts that "[Dr.] Dunning consistently treated African-American females worse than other employees, failed to promote them, and/or demoted them." *Id*. ¶¶ 7–9. Ms. Powell alleges that she sought promotion and that she "was qualified for the position," but she "was not allowed to compete" as Dr. Dunning failed to post the position per university practice. *Id*. ¶¶ 13–14. However, Dr. Dunning selected and appointed Ms. Anna Cortese, a Caucasian candidate, without posting the vacancy. *Id*. ¶ 15. Because Ms. Cortese, a non-African American female, was selected over Ms.

1

Powell, Ms. Powell alleges she is entitled to relief because DSU "failed to promote [Ms. Powell] into the higher position because she is an African American female." *Id.* ¶ 18.

Thereafter, Ms. Powell alleges that she timely filed a Charge of Discrimination with both the Delaware Office of Anti-Discrimination and the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 24. The Complaint alleges that in December 2020, Ms. Powell received her Final Determination and Right to Sue Notice from the Delaware Department of Labor ("DDOL"). *Id.* The DDOL Right to Sue Notice is attached to the Complaint as Exhibit A ("Right to Sue Notice"). *Id.* Although the Complaint alleges that Ms. Powell filed a complaint with the EEOC, the Complaint contains no allegation that Ms. Powell obtained a federal right to sue notice from the EEOC. *See generally* Complaint.

In February 2021, Ms. Powell filed the Complaint, alleging employment discrimination and retaliation because of her race under 42 U.S.C. § 1981 (Count One); § 1983 (Count Two); and § 2000(e) (Count Three). *Id.* ¶ 1. DSU now moves for dismissal of Ms. Powell's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on the grounds that: (1) Ms. Powell failed to obtain the necessary federal right to sue notice for her Title VII claim; (2) DSU possesses sovereign immunity that bars discrimination claims pursuant to § 1983; and (3) there is no cause of action under § 1981 against DSU separate from § 1983. Def.'s Mot. Dismiss at 1. The court now addresses each of DSU's arguments in turn.

**II.   LEGAL STANDARDS**

Evaluating a motion to dismiss under Rule 12(b)(6) requires the court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the court may grant such a motion to dismiss

only if, after "accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Ms. Powell proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully [sic] pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## III. DISCUSSION

### A. Ms. Powell Lacks a Federal Right to Sue

Ms. Powell alleges in Count One that DSU violated Title VII by failing to promote her. Complaint ¶¶ 19–25. Ms. Powell asserts that she can bring her Title VII to federal court because she "filed under DDOL's Right to Sue."[1] Pl.'s Sur-Reply to Def.'s Mot. Dismiss at 1 (D.I. 15). However, DSU argues that Ms. Powell's Title VII claim cannot be brought in federal court without a federal right to sue notice from EEOC, which is not alleged in the Complaint and is conceded by Ms. Powell. Def.'s Mot. Dismiss at 5. The court agrees with DSU. "As a prerequisite to a valid Title VII claim, a plaintiff must file a charge of discrimination with the EEOC and show that he has received a right to sue letter." *Wright v. Pepsi Cola Co.*, 243 F. Supp. 2d 117, 122 (D. Del. 2003) (citing 42 U.S.C. § 2000(e)). Here, Ms. Powell conceded that she does not have a valid federal right to sue letter as she admitted in her reply, "I was unaware of the necessity of a federal [r]ight to [s]ue [l]etter for filing the [C]omplaint in District Court." Pl.'s Resp. to Def.'s Mot. Dismiss at 1 (D.I. 13). Accordingly, Ms. Powell lacks a right to sue under Title VII, and therefore, the court grants DSU's motion to dismiss Count One without prejudice.[2]

Ms. Powell requests that the court equitably toll her Title VII claim. Pl.'s Sur-Reply to Def.'s Mot. Dismiss at 1. However, the doctrine of equitable tolling is inapplicable as there is no evidence that Ms. Powell ever received a federal right to sue letter before bringing suit against DSU. The

---

[1] The court dismisses Count One without prejudice because Ms. Powell does not have a valid federal right to sue from EEOC. Ms. Powell might possibly bring Count One in Delaware state court.

[2] On September 16, 2021, Ms. Powell filed a federal notice of right to sue from the EEOC dated July 29, 2021. (D.I. 16). This notice of right to sue was filed independent of all briefing and pleadings filed in this case. A later-issued notice of right to sue cannot support a Title VII claim that is brought before the notice was received because "a cause of action accrues at the moment at which each of its component elements has come into being as a matter of objective reality." *See Leonard v. City of Pittsburgh*, 570 Fed. App'x. 241, 244 (3d Cir. 2014) (quoting *William A. Graham Co. v. Haughey*, 646 F.3d 138, 150 (3d. Cir. 2011) (internal quotation marks omitted)). Therefore, the July 29, 2021, notice of right to sue from the EEOC cannot support Ms. Powell's current suit because it was received after the Complaint was filed.

federal notice of right to sue gives plaintiffs permission to file lawsuits following investigation of the alleged discrimination and within ninety days of receipt. 29 C.F.R. § 1601.28. The ninety-day statute of limitations only begins upon receipt of the notice of right to sue. 29 C.F.R. § 1601.28(e)(1). As the statute of limitations depends on the issuance of the notice, there is no applicable statute of limitations against which equitable tolling can apply as nothing in the record supports Ms. Powell's assertion that she received a federal notice of right to sue before the commencement of this case. *See generally* Complaint. For this reason, there is no basis to apply equitable tolling, and the court rejects Ms. Powell's equitable tolling argument.

Moreover, the court dismisses Count One because it does not plead a cause of action with sufficient facts. To state a claim under Title VII for employment discrimination, a plaintiff must allege that: "(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of discrimination." *Peterson v. Shulkin*, No. CV 16-160-LPS, 2018 WL 1316200, at *4 (D. Del. Mar. 14, 2018) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). At the motion to dismiss stage, a plaintiff "must submit more than the naked assertion that he was discharged because of her membership in a protected class." *Id*.

Ms. Powell's conclusory allegations fall short of the level of detail required to state a discrimination claim. Ms. Powell fails to successfully plead that discrimination motivated the adverse employment actions because she relies on conclusory allegations instead of specific facts. *See, e.g.*, Complaint ¶ 9 (Ms. Powell concluding that "[Dr.] Dunning consistently treated African American females worse than other employees, failed to promote them, and/or demoted them"); *id*. ¶ 10 (Ms. Powell alleging that the former director vacated the position in large part due to Dr. Dunning's mistreatment); *id*. ¶ 18 (Ms. Powell concluding that defendant "failed to promote [Ms. Powell] into a higher position because she is an African American female"). These allegations are

5

insufficient because they only make conclusions and lack specific supporting facts. *See, e.g.*, *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 703 (3d Cir. 2010) (holding that conclusory allegations of discrimination based on nationality or religion are not adequate to successfully support a claim because they do not have specific facts that illustrate that nonmembers of a protected class are treated more favorably); *Peterson*, 2018 WL 1316200, at *4 (finding that bare assertions failed to plead that any alleged discrimination occurred because of race). Ms. Powell provides no specific facts, events, or statements that could plausibly connect any of Dr. Dunning's work-related actions to a racially discriminatory motive. *See Peterson*, 2018 WL 1316200, at *4 ("[a Title VII violation] plaintiff must plead facts that plausibly connect his race to the adverse actions [at the heart of complaint"). Accordingly, Ms. Powell has failed to adequately plead a Title VII claim against DSU.

### B. The Eleventh Amendment Bars Ms. Powell's § 1983 Claim

Ms. Powell alleges in Count Two that DSU violated § 1983 by electing to promote Ms. Cortese, a non-African American candidate, over her. Complaint ¶ 4. DSU argues that the court should dismiss Ms. Powell's § 1983 claim because DSU is immune from suit in federal court pursuant to the Eleventh Amendment.[3] Def.'s Mot. Dismiss at 8–9. The court agrees with DSU. "[T]he Eleventh Amendment bars [§] 1983 claims against state entities and state officials sued in their official capacities." *McKay v. Del. State Univ.*, No. CIV.A. 99-219-SLR, 2000 WL 1481018, at *11 (D. Del. 2000) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). DSU is a state entity, and therefore the Eleventh Amendment bars a § 1983 claim against it. *See id.* at *10 n.28 (finding that DSU "is an instrumentality of the State of Delaware for [Eleventh] Amendment

---

[3] After carefully reviewing Ms. Powell's Complaint, Response, and Sur-Reply, the court cannot discern any counterargument against DSU's arguments that the Eleventh Amendment precludes Ms. Powell's § 1983 claim or that Ms. Powell's § 1981 claim does not provide a private cause of action. Nonetheless, we analyze DSU's arguments.

purposes"). As a matter of law, Ms. Powell's claim cannot be brought against DSU in this court. Therefore, the court dismisses Ms. Powell's § 1983 claim with prejudice.

### C. Ms. Powell Has No Right of Action Under § 1981 Against DSU

Ms. Powell alleges in Count Three that DSU violated § 1981 by deciding to hire Ms. Cortese, a non-African American candidate, over her.[4] DSU argues that the court should dismiss the § 1981 claim because "[§] 1981 does not create a remedy available to [Ms. Powell] against DSU." Def.'s Mot. Dismiss at 10. We agree with DSU. The Third Circuit has explicitly held "that no implied right of action exists against state actors under 42 U.S.C. § 1981." *McGovern v. City of Philadelphia*, 554 F.3d 114, 122 (3d Cir. 2009) (reasoning that "Congress, in promulgating § 1983 over a century ago, established that section as the exclusive remedy for violations of § 1981 by state actors"). Therefore, as a matter of law, Ms. Powell cannot have a cause of action against DSU under § 1981 because DSU is a state actor. *See McKay*, 2000 WL 1481018, at *10 n.28 (finding that DSU "is an instrumentality of the State of Delaware for [Eleventh] Amendment purposes"). Accordingly, the court dismisses Ms. Powell's § 1981 claim against DSU with prejudice.

### IV. Conclusion

For the reasons articulated above, the court grants DSU's Motion to Dismiss each of Ms. Powell's asserted Counts. Further, Ms. Powell is denied leave to amend, as she cannot cure the deficiencies of her Complaint.

**IT IS HEREBY ORDERED:**

1. DSU's Motion to Dismiss is granted.
2. The Clerk of Court is directed to close the case.

---

[4] The title of Count Three alleges a § 1983 violation, but the Complaint's text alleges a § 1981 violation. *See* Complaint ¶ 33. Accordingly, the court construes Count Three to allege a § 1981 violation because Count Two already alleges a § 1983 violation. *See id.* ¶ 29.